IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

               Petitioner,                       ORDER

v.

                                                14-cv-246-wmc

LOUISIANA BOARD OF PAROLE,

               Respondent.

---

Petitioner Eddie Gene Evans has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a parole revocation and detainer lodged against him by the Louisiana Board of Parole. When Evans filed this petition, he was incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution in Portage. Recently, however, the court learned that Evans has been released on community supervision. In that respect, correspondence in another case filed by Evans has been returned "undeliverable" and unable to forward because Evans has failed to provide a valid address. *See Evans v. Dittman*, 13-cv-730-wmc (W.D. Wis.) (dkt. # 24).

It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including *pro se* litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes

1

of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Evans has clearly failed to provide the court with an accurate, current address. Because Evans has failed to provide a current address, it appears that he has abandoned his petition.

Accordingly, under the inherent power necessarily vested in a court to manage its own docket, the petition will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984).

ORDER

IT IS ORDERED THAT that the habeas corpus petition filed by state inmate Eddie Gene Evans is DISMISSED without prejudice for want of prosecution. Relief from this order may be granted upon a showing of good cause.

Entered this 8th day of September, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge